IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM HENRY JOHNSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA; )<br>OKLAHOMA PARDON AND PAROLE )<br>BOARD; JARI ASKINS, Interim )<br>Executive Director of the Oklahoma )<br>Pardon and Parole Board; OKLAHOMA )<br>DEPARTMENT OF CORRECTIONS; )<br>ROBERT PATTON, Director Oklahoma )<br>Department of Corrections; )<br>ARKANSAS PAROLE BOARD; JOHN )<br>FELTS, Chairman of the Arkansas )<br>Parole Board; ARKANSAS )<br>DEPARTMENT OF CORRECTION; RAY )<br>HOBBS, Director of Arkansas )<br>Department of Correction, )<br>)<br>Respondents. ) | Case No. CIV-15-843-R |

## REPORT AND RECOMMENDATION

Petitioner, an Oklahoma state court parolee under supervision in Arkansas, filed an (amended) petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the validity of his Oklahoma state court conviction

and sentence.[1] Doc. 8.[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned promptly examined the petition and attached exhibits, and, as it appears the petition is time-barred under 28 U.S.C. §2244(d), recommends its summary dismissal.

## I. Preliminary issues.

### A. Custody requirement.

A Beckham County District Court jury found Petitioner guilty in Case No. CF-2011-16 on a single count of trafficking in illegal drugs and the court entered judgment and sentence for a term of eight years. Doc. 8, at 2; *id.* Ex. D. Petitioner subsequently received parole and the Oklahoma Department of Corrections (DOC) released him from confinement on November 5, 2014, under a term of parole supervision through November 6, 2019. Doc. 8 at 3-4; *id.* Ex. I.

---

[1] Petitioner claims his trial/appellate counsel provided ineffective assistance by failing to object to the racial make-up of the jury panel and by failing to appeal the trial court's refusal to excuse a prospective juror for cause. Doc. 8, at 7-10, 12-15. He also contends that his excessive traffic-stop detention violated his Fourth Amendment rights and that trial and appellate counsel failed to challenge the detaining officer's alleged perjured testimony. *Id.* at 10-11, 16-17.

[2] Citations to the amended petition reflect this Court's CM/ECF designation.

Petitioner is under parole supervision in Arkansas under the terms of the Interstate Compact for Adult Offender Supervision. *Id.*; *see* Okla. Stat. tit. 22, §§ 1091-1095.

"Although [Petitioner] has been released from prison, his status as a parolee is sufficient to render him 'in custody' for purposes of 28 U.S.C. § 2254." *Rutherford v. Denver Dist. Ct.*, 163 F. App'x 736, 737 n.1 (10th Cir. 2006) (citing *Jones v. Cunningham*, 371 U.S. 236, 238-43 (1963)).[3]

### B. Assistance of counsel.

A pro se petitioner's pleadings are "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Petitioner purports to bring his amended petition "by and through his attorney, Teresa Bloodman," but Petitioner, not Ms.

---

[3] A writ of habeas corpus is "directed to the person having custody of the person detained." 28 U.S.C. § 2243. Petitioner names multiple respondents including Oklahoma and Arkansas parole board members and the directors of both State's departments of corrections. Doc. 8, at 1. With regard to the court's jurisdiction over Petitioner's "custodian," Petitioner currently lives and is under parole supervision in Arkansas pursuant to the Interstate Compact for Adult Offender Supervision. *See* Doc. 8, at 3-4; *id*. Ex. I. Nonetheless, under that agreement, "[t]he compacting states recognize that there is no 'right' of any offender to live in another state and that duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any offender under supervision . . . ." Okla. Stat. tit. 22, § 1093(D). In that vein, the DOC shows "Division Pp/Cc Supervision Unit, Oklahoma City" as Petitioner's "Current Facility." *See* http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=659085&offender_book_id=408483 (last accessed Sept. 14, 2015).

3

Bloodman, signed the amended petition and Ms. Bloodman has not entered her appearance. Doc. 8, at 1, 18. So, despite his statement to the contrary, Petitioner is appearing pro se. It is arguable, however, from a review of the amended petition that Petitioner enjoyed the assistance and benefit of counsel in its preparation. Under Tenth Circuit law, while "the mere assistance of drafting, especially before a trial court, will not totally obviate some kind of lenient treatment due a substantially pro se litigant . . . . any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved." *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001).

In recommending summary dismissal of Petitioner's amended petition, the undersigned has liberally construed Petitioner's filings consistent with *Hall v. Bellmon*. If Judge Russell declines to accept the recommendation and the case continues, Ms. Bloodman's role must be considered.

## II. Screening Requirement.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. This rule allows the district court to raise the timeliness of a petition for writ of habeas corpus sua sponte, if untimeliness is

4

"clear from the face of the petition." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008); *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he may present his position by filing an objection to the Report and Recommendation. Further, when raising the issue sua sponte, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* (internal quotation marks omitted); *Thomas v. Ulibarri*, 214 F. App'x. 860, 861 n.1 (10th Cir. 2007) (explaining *Day*).

### III. Analysis.

#### A. The AEDPA limitation period.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year period of limitation for habeas petitioners in state custody. The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

5

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because Petitioner alleges no facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D), the period of limitation runs from the date the judgment became "final" as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

The District Court of Beckham County entered judgment on November 7, 2011. Doc. 8, at 2; *id.* Ex. D. Petitioner alleges and the records attached to his amended petition confirm that, through counsel, he timely appealed from his conviction and sentence with the Oklahoma Court of Criminal Appeals (OCCA) in Case No. F-2011-991. Doc. 8, at 2; *see id.* Ex. E. Because counsel filed no petition in error due to a scheduling error, Petitioner dismissed the initial appeal. *Id.* In Case No. PC-2012-498, the OCCA issued an Order Granting

6

Direct Appeal Out of Time on July 31, 2012. Doc. 8, Ex. E, at 3. The OCCA then affirmed the judgment and sentence by published opinion on August 1, 2013, Case No. F-2012-718. *See Johnson v. State*, 308 P.2d 1053 (Okla. Crim. App. 2013); Doc. 8, at 3; *id.* Ex. F.[4]

Petitioner does not allege and the direct history of OCCA's opinion does not reflect that he filed a petition for certiorari in the United States Supreme Court. So, on October 30, 2013, ninety days after the OCCA entered its decision, Petitioner's conviction became final for purposes of federal habeas review. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding a conviction is final when, "following a decision by the state court of last resort . . . the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed") (quotation omitted). Petitioner's opportunity to timely file a federal habeas petition consistent with 28 U.S.C. § 2244(d)(1)(A) began then on October 31, 2013, and expired one year later on October 31, 2014. Absent statutory or equitable tolling of the limitation period, the petition, filed on August 3, 2015, is untimely.[5]

---

[4] The undersigned's calculations give Petitioner full credit for a timely direct appeal.

[5] Petitioner filed his initial petition on August 3, 2015. Doc. 1, at 3; (continued...)

B. **Statutory tolling.**

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner applied for post-conviction relief on April 23, 2014, tolling the limitation period with 191 days remaining. Doc. 8, at 3; *id.* Ex. G. The state district court denied the application on August 4, 2014. Doc. 8, at 3; *id.* Ex. H.

Under Oklahoma law, Petitioner had thirty days in which to appeal the denial of post-conviction relief to the OCCA.[6] Petitioner does not allege he appealed the trial court's ruling. And through an August 27, 2015 certified copy of the Beckham County District Court docket report showing there was no activity after the trial court denied post-conviction relief on August 4, 2014, he establishes just that. Doc. 8, Ex. P, at 1-6. Although Petitioner did not appeal, the limitation period was tolled for an additional thirty days, the period during which he "could have sought" a timely post-conviction appeal. *See Gibson v. Klinger*, 232 F.3d 799, 804-06 (10th Cir. 2000) (under Oklahoma law, tolling is

---

[5](...continued)
Doc. 8, at 4.

[6]     Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals.

8

allowed for thirty days after the denial of a application for post-conviction relief and the limitation period runs upon the expiration of that thirty-day grace period if no appeal is filed or if an appeal fails on procedural grounds). Therefore, the limitation period ran again on September 3, 2014, with approximately 191 days remaining, and expired on or about March 13, 2015. Absent equitable tolling, the petition, which the petitioner did not file until August 3, 2015, is time-barred.

  **C.**  **Equitable tolling.**

Petitioner does not claim entitlement to equitable tolling and, based on the undersigned's review, there is no evidence to any such entitlement in any of his pleadings, exhibits, or other filings. Doc. 8. Petitioner failed to seek federal habeas relief in a timely manner despite having around a third of the one-year AEDPA limitation period left when he was released from confinement on November 5, 2014.

**IV.** **Recommendation and notice of right to object.**

The undersigned recommends summary dismissal of the amended petition for writ of habeas corpus as time-barred.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before October 13, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned

further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondents at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 22nd day of September, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE